EDWARD ZECOURT, PLAINTIFF, v. GRAY, INCORPORATED, A CORPORATION OF NEW JERSEY, DEFENDANT.

Submitted May 16, 1930—Decided November 18, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the plaintiff, *Francis A. Gordon.*

For the defendant, *William K. Flanagan.*

PER CURIAM.

The suit is for damages for personal injuries arising out of an accident at the westerly corner of Newark and Fairmount avenues, in Elizabeth. The evidence is somewhat in conflict as to whether it was the northwest corner or the southwest corner; and this is a feature of some little importance in the case. The plaintiff, a boss painter, thirty-one years of age, undertook to cross Newark avenue from the east to the west side, and claims to have stopped for a moment at the westerly rail of the two car tracks and looked to the north and to have seen the dimmed lights of an automobile some distance away. According to his testimony, he then proceeded toward the curb and suddenly the lights flashed full and he was struck and injured. There is the usual contradiction of testimony with regard to the speed of the automobile, which was a large heavy hearse containing a dead body in the casket and outer box, the whole weighing about five thousand eight hundred pounds. The testimony for the defendant is to the effect that the driver saw the plaintiff in the act of crossing when some distance away and slowed down to such an extent that he was obliged to shift gears and

then, as the plaintiff appeared to be waiting for the hearse to pass, the driver speeded up at the same time that the plaintiff undertook to cross the street and the collision occurred in consequence of this situation. All of the testimony is in accord that the plaintiff was picked up about six feet south of the southerly crosswalk. If he was struck on the northerly crosswalk, he must have been struck with great violence to be thrown across the street, or else must have been carried on the automobile across the street and there dropped. This was one of the questions that the jury had to resolve from the evidence, and it is an element to be considered in determining whether the verdict was against the weight of evidence.

We have considered the testimony with care and find ourselves unable to hold with respect to the matter of liability that the verdict should be set aside. With respect to the slowing down of the automobile, and the stopping and starting of the plaintiff, the case is quite similar in its circumstances to *Van Ness* v. *North Jersey Street Railway Co.*, 77 *N. J. L.* 551. That case was decided on a writ of error, so that the weight of evidence was not in issue; but the questions of negligence and contributory negligence were clearly for the jury under the ruling of that case, and in this case we think the jury did not disregard its duty in finding that the driver of the defendant was negligent, and in failing to find that negligence of the plaintiff contributed to his injury. So far, therefore, as relates to liability, the verdict will not be disturbed.

On the question of damages we think that the verdict was excessive. The amount was $10,000. The injuries to the plaintiff, while somewhat severe, did not result in any serious permanent disability except, perhaps, the loss of some of his teeth. At the time of the trial he appeared to be attending to his work about as usual.

As a result of our examination we conclude that a verdict for more than $7,000 cannot be supported, and therefore if plaintiff will consent to a reduction of the verdict to that amount the rule will be discharged, otherwise it will be made absolute.